UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SALIMUDDIN SHEERAZI d/b/a          :
SHEERAZI ORIENTAL RUGS             :        Case No.:  16-CV-8601
                                   :
        Plaintiffs,                :
                                   :
v.                                 :        **VERIFIED COMPLAINT**
                                   :
SAM SHAMOUILIAN, INC., and         :        JURY TRIAL DEMANDED
SAM SHAMOUILIAN individually       :
                                   :
        Defendants.                :
---------------------------------------------------------x

Plaintiff Salimuddin Sheerazi, d/b/a Sheerazi Oriental Rugs ("Plaintiff"), by its attorneys, Criscione Ravala, LLP, as and for its Complaint against Defendants, Sam Shamouilian Inc., ("SSI") and Sam Shamouilian ("Shamouilian") individually, (collectively, "Defendants"), allege, upon information and belief, as follows:

### NATURE OF THE ACTION

1. This is an action by Plaintiffs to recover for breach of contract and unpaid invoices for goods sold and delivered to Defendants to be paid but willfully withheld by Defendants and never paid, as well as damages, interest, costs, and attorneys' fees.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the Plaintiffs are a resident of a different state from the Defendants and because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3. This Court has personal jurisdiction over the Defendants because the Defendants reside and/or regularly conduct and/or transact business in the State of New York.

4.      Venue in this District is proper pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2) as Defendant SSI is a domestic corporation incorporated in this District, and all Defendants are residents of the State of New York .

5.      This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) because the state law claims form part of the same case or controversy.

## PARTIES

6.      At all relevant times herein, Plaintiff Salimuddin Sheerazi was and is an individual operating under the laws of the State of Connecticut as the fictitious business name of Sheerazi Oriental Rugs, with its principal address at 454 North Elm Street, Torrington, CT 06790.

7.      At all relevant times herein, Defendant Sam Shamouilian, Inc. (hereinafter "SSI") was and is a domestic business corporation, incorporated in the County of New York, in the State of New York, having one of its places of business at 8101 Tonnelle Avenue, North Bergen, NJ 07047. Defendant SSI is a commercial importer and seller of oriental rugs doing business in New York. Among the rugs supplied by SSI are those it obtained from Sheerazi.

8.      At all relevant times herein, Defendant Sam Shamouilian was and is an individual, as well as a principal, owner, majority shareholder, officer and/or director, and President of SSI, and resides at 171 Great Neck Road, Great Neck, New York 11021.

## FACTUAL ALLEGATIONS

9.      Plaintiff Sheerazi is a seller of variety of fine rugs around the world.  Since 1995, Plaintiff has sold and distributed fine rugs within the United States.

10.     On or about January 22, 2016, when Plaintiff was winding down his warehouse in Connecticut, Defendants agreed to purchase Plaintiff's entire stock of rugs valued at

approximately five hundred thousand dollars ($500,000.00) for an agreed price of one hundred and ninety thousand dollars ($190,000.00).

11. Defendants purchased Plaintiff's stock for the purpose of re-selling some or all of the stock to private individuals, commercial clients, and other distributors.

12. Defendants paid Plaintiff forty thousand dollars ($40,000.00) via bank certified checks on January 22, 2016, and issued two post-dated checks in the amount of fifty thousand dollars ($50,000.00) and twenty-six thousand dollars ($26,000.00) on the same day. Defendants promised to pay the remaining balance over the next six months.

13. Defendants advised Plaintiff not to cash the February 28, 2016 post-dated check in the amount of fifty thousand dollars ($50,000.00) due to financial difficulties it was facing but assured Plaintiff that payment would be forthcoming.

14. No additional payments were received by Plaintiff and Defendants have failed to tender timely balance of payment, tendering post-dated checks for payment, and/or tendering bad checks.

15. Defendants' inactions have caused Plaintiff to incur bank fees, lost credit opportunities with their bank, as well as loss of business opportunity to other customers.

16. Defendants' failure to make timely payments and bevy of knowingly false promises designed to induce Plaintiffs into providing Defendants with its stock and to re-sell goods that Defendants knew they could not and would not pay for—has also resulted in a creditworthiness crisis in India for Sheerazi. Indeed, several Indian banks have been cautious about extending credit to Plaintiff due to the amount of its current outstanding debts, debts which are directly linked to Defendants' defaults and bad faith.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Goods Sold and Delivered – Against Defendants SSI and Sam Shamouilian)**

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

18. On or about January 22, 2016, Plaintiff sold and delivered its entire warehouse stock of fine rugs with and upon reliance of timely payment by Defendants.

19. Defendants accepted and retained ordered goods sold and delivered without objection within a reasonable time or otherwise.

20. Plaintiff has at numerous times demanded that Defendants remit payment for the goods sold and delivered according to the payment agreement between the parties.

21. Defendants have failed to remit full payment.

22. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $124,000.00 (representative of the remaining balance due as part of the agreement to purchase Plaintiff's entire stock for $190,000.00), for goods sold and delivered less payments made to date, plus interest, costs, and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of Contract – Against Defendants SSI and Sam Shamouilian)**

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24. Plaintiff and Defendants SSI and Shamouilian had a contractual relationship.

25. Their agreement to purchase Plaintiff's entire warehouse stock of fine rugs for a price of one hundred and ninety thousand dollars ($190,000.00) is a binding contractual obligation between Plaintiff and Defendants.

26. Defendants breached their obligations by failing to pay the contract rate for the goods reflected and upon the passing of the respective due dates of payment, despite numerous assurances by both SSI and Shamouilian.

27. Plaintiffs have performed their contractual obligations by duly delivering conforming goods ordered by Defendants.

28. Defendants accepted said deliveries of goods, and did not object to any of said deliveries of goods within a reasonable time or otherwise.

29. Defendants SSI and Shamouilian materially breached its contract with Plaintiff when it did not pay the contractual rates.

30. As described herein, Plaintiff has incurred significant costs, loss of creditworthiness, and loss of income due to Defendants' breaches.

31. Plaintiff has been damaged as a result of Defendants' failure and refusal to pay according to the terms of their agreement in an amount to be determined at trial, but in no event less than $124,000.00 (representative of the remaining balance due as part of the agreement to purchase Plaintiff's entire stock for $190,000.00) applicable interest, reliance damages, restitution, and any other damages caused as a proximate result of Defendants' breaches, in an amount to be determined by the trier of fact.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Fraudulent Inducement– Against Defendants SSI and Sam Shamouilian)**

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

33. From the date of purchase of goods stated above, Defendants took deliberate actions to defraud and take advantage of Plaintiff so that Defendants could re-sell those goods

and continue to make profits without paying Plaintiff, including withholding and keeping payment for themselves.

34. Defendants' materially false, misleading, and otherwise consciously fraudulent acts and representations include, but are not necessarily limited to, the following:

(a) On or about January 22, 2016, Defendants deliberately and misleadingly misrepresented to Plaintiff that they will make full payment within six months.

(b) On or about January 22, 2016, Defendants deliberately and misleadingly misrepresented to Plaintiffs by issuing a check in the amount of $50,000.00 as partial payment, with the intention of never actually paying that amount.

35. At the time the aforementioned representations were made, Defendants SSI and Shamouilian knew the representations to be materially false, and made said representations with intent to defraud and deceive Plaintiff and induce Plaintiff to sell goods and forgo exercise of Plaintiffs' legal claims against Defendants.

36. At the time the aforementioned representations were made, Plaintiff did not know the true facts and believed that Defendants' representations were true. Plaintiff justifiably relied upon on Defendants' aforementioned representations and was thereby induced to continue to sell the goods forgo enforcement of Defendants' existing rights.

37. By reason of the facts alleged herein, Plaintiff was damaged in an amount to be determined at trial, but in no event less than $124,000.00 (representative of the remaining balance due as part of the agreement to purchase Plaintiff's entire stock for $190,000.00), and Plaintiff demands judgment against Defendants for such amount, plus punitive damages by virtue of Defendants' malicious and intentional actions, together with attorneys' fees, costs, interest, and such other amounts that the Court should deem appropriate.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Personal Liability Pursuant to U.C.C. § 3-403 – Against Defendant Sam Shamouilian)**

38.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39.     As described herein, Defendant Sam Shamouilian executed several bad checks to Plaintiff, which were either stopped by the maker, Defendant SSI, or bounced due to insufficient funds.

40.     Defendant Sam Shamouilian was an authorized representative of Defendant SSI, who signed his own name to the aforementioned checks, and said checks on their faces do not show that Defendant Sam Shamouilian intended to sign in a representative capacity.

41.     Indeed, the various personal promises as described herein indicated to Plaintiff that Defendant Sam Shamouilian was personally and individually responsible for the debts of Defendant SSI.

42.     Accordingly, Defendant Sam Shamouilian is indebted to Plaintiff for the sum of all liabilities arising from the aforementioned bad checks in an amount to be determined by the trier of fact.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Unjust Enrichment – Against Defendants SSI and Sam Shamouilian)**

43.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

44.     As set forth herein, valid and enforceable contracts exist between the parties.  In the event that the Court should find those contracts invalid for any reason, Plaintiff, in the alternative, state a claim for unjust enrichment.

45.     Plaintiff conferred a benefit on the Defendants by selling entire stock of fine rugs to Defendants.

46. By means of wrongful conduct alleged above, Defendants have unjustly, knowingly and willingly withheld payment from Plaintiff and have been enriched by receiving Plaintiffs' goods, re-selling them to third-parties, and otherwise benefitting from use of the goods, yet not making due payments to Plaintiff.

47. It would be fundamentally unjust and unfair to allow Defendants to retain the hundreds of thousands of dollars owed to Plaintiff and/or the benefit of the goods sold by Plaintiff.

48. As a direct and proximate cause of Defendants' wrongful and willful misconduct, Plaintiff suffered injury and is entitled to reimbursement and disgorgement by Defendants of the benefit conferred by Plaintiff.

49. By reason of the foregoing, Defendants are liable to Plaintiff for the amounts due and owing to Plaintiffs for the goods sold to Defendants in the amount of such damages to be determined by the trier of fact, but in no event less than $124,000.00 (representative of the remaining balance due as part of the agreement to purchase Plaintiff's entire stock for $190,000.00) plus applicable interest, and damages suffered as a result of Defendants' actions,

### AS AND FOR A SIXTH CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing – Against Defendants SSI and Sam Shamouilian)**

50. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 49 above as if fully set forth herein.

51. In all contracts, including the unpaid invoices, there is an implied covenant of good faith and fair dealing, whereby the parties must deal with each other honestly and in good faith, not only with respect to the performance of a contract, but also in their enforcement of the terms of said contract.

52. Defendants' misconduct as alleged herein, including withholding of payment on unpaid invoices, executing and issuing post-dated checks, constitutes a material breach of the implied covenant of good faith and fair dealing.

53. As a direct and proximate cause of Defendants' breach of the implied duty of good faith and fair dealing, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**(Quantum Meruit – Against Defendants)**

54. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 53 above as if fully set forth herein.

55. Plaintiff sold goods to Defendant SSI and Defendant SSI accepted deliveries of the goods likely re-sold all of the goods contained in those orders for significant value, but did not pay for them.

56. Plaintiff reasonably expected payments for said goods as evidenced by the agreement, post-dated checks, and conversations between the parties.

57. By reason of the foregoing, Defendants are liable to Plaintiff in quantum meruit for the reasonable value of the goods transferred and services rendered to Defendants, the amount of which is to be decided by the trier of fact, but in no event less than $124,000.00 (representative of the remaining balance due as part of the agreement to purchase Plaintiff's entire stock for $190,000.00).

### AS AND FOR A EIGHTH CAUSE OF ACTION
**(Punitive Damages against Defendants)**

58. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 57 above as if fully set forth herein.

59. Defendants' misleading and deceitful actions as alleged herein were intentional, damaging to Plaintiff, and demonstrated wanton dishonesty and indifference to Defendants' obligations.

60. Plaintiffs are entitled to the maximum award of punitive damages allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests that this honorable Court:

A. Award Plaintiffs actual damages in an amount to be determined at trial, but no less than $124,000.00; and

B. Award Plaintiffs all other compensatory, economic, incidental, liquidated, and punitive damages on all causes of actions where allowable; and

C. Award Plaintiffs pre-judgment and post-judgment interest on all causes of actions where allowable; and

D. Award Plaintiffs costs, disbursements and attorneys' fees; and

E. Award such other and further relief, whether in law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: New York, New York
November 01, 2016                                  Respectfully submitted,

**CRISCIONE RAVALA, LLP**
_____
M. Salman Ravala, Esq.
Attorneys for Plaintiffs
90 Park Avenue, Suite 1700
New York, NY  10016
Tel: (800) 583-1780
Fax: (800) 583-1787
sravala@lawcrt.com

# V E R I F I C A T I O N

:

I, SALIMUDDIN SHEERAZI, hereby do affirm hat I am the Plaintiff named in the foregoing Complaint that, and that the contents of said Compaint are true to my own knowledge except as to those facts alleged upon information and belief, and that as to those facts I believe same to be true.

_____
Salimuddin Sheerazi